UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| STEVE MILLER ) | CIVIL ACTION NO. |
| ) | |
| Plaintiff, ) | |
| ) | **COMPLAINT** |
| vs. ) | |
| ) | |
| PENN CREDIT CORPORATION ) | **JURY TRIAL DEMAND** |
| ) | |
| Defendant. ) | |
| _____) | |

## NATURE OF ACTION

1. This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*., the North Carolina Debt Collection Practices Act ("NCDCPA") and the North Carolina Unfair and Deceptive Trade Practices Act ("NCUDTPA").

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, (where Plaintiff resides in this district), and/or where Defendant transacts business in this district.

## PARTIES

4. Plaintiff, Steve Miller ("Plaintiff"), is a natural person who at all

1

relevant times resided in the State of North Carolina, County of Rowan, and City of Spencer.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant, Penn Credit Corporation ("Defendant") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes. Plaintiff incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

10. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

11. Defendant sent Plaintiff initial written communication dated July 22,

2010 in which Defendant claimed that Plaintiff owes $208.18 to BMG Music Service, and in doing so, Defendant falsely represented the character, extent, or amount of Plaintiff's debt. (15 U.S.C. §§ 1692e(2)(A), 1692e(10), N.C. Gen. Stat. § 75-54(4)).

12. Defendant's actions constitute conduct highly offensive to a reasonable person, and as a result of Defendant's behavior Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental aguish and/or emotional distress.

## COUNT I
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

13. Plaintiff repeats and re-alleges each and every allegation contained above.

14. Defendant violated the FDCPA as detailed above.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

 a) Adjudging that Defendant violated the FDCPA;

 b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

 c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

 d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

 e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
### VIOLATION OF NORTH CAROLINA DEBT COLLECTION PRACTICES ACT

15. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 12.

16. Defendant violated N.C. Gen. Stat. § 75-54(4) as detailed above.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

g) Adjudging that Defendant violated N.C. Gen. Stat. § 75-54(4);

h) Awarding Plaintiff actual damages, pursuant to N.C. Gen. Stat. § 75-56(b)(i);

i) Awarding Plaintiff statutory damages, pursuant to N.C. Gen. Stat. § 75-56(b)(ii);

j) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action, pursuant to N.C. Gen. Stat. § 75-16.1;

k) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

l) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
### VIOLATION OF THE NORTH CAROLINA UNFAIR AND DECEPTIVE TRADE PRACTICES ACT

17. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 12.

18. A violation of the North Carolina Debt Collection Practices Act is an unfair and deceptive practice proscribed by the North Carolina Unfair and Deceptive Trade Practices Act, pursuant to N.C. Gen. Stat. § 58-70-130(c).

19. Defendant violated of N.C. Gen. Stat. § 58-70-110(4).

20. Defendant willfully engaged in its violation of the North Carolina Unfair and Deceptive Trade Practices Act.

21. Defendant unwarrantedly refused to resolve this matter, which arises, at least in part, from Defendant's violation of the North Carolina Unfair and Deceptive Trade Practices Act.

22. Plaintiff suffered actual damages as a result of Defendant's violation of the North Carolina Unfair and Deceptive Trade Practices Act.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated N.C. Gen. Stat. § 58-70-110(4).

b) Awarding Plaintiff actual damages, pursuant to N.C. Gen. Stat. § 58-70-130(a);

c) Awarding Plaintiff statutory damages, pursuant to N.C. Gen. Stat. § 58-70-130(b);

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action, pursuant to N.C. Gen. Stat. § 75-16.1;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

23. Plaintiff is entitled to and hereby demands a trial by jury.

DATED this 17th day of June, 2011.

        Respectfully submitted,

        /s/ Holly E. Dowd
        Holly E. Dowd (N.C. Bar No. 37533)
        Weisberg & Meyers, LLC
        409A Wakefield Dr.
        Charlotte, NC 28209
        (888) 595-9111 ext. 260
        (866) 565-1327 (fax)
        hdowd@attorneysforconsumers.com

        ATTORNEYS FOR PLAINTIFF

        *Please send correspondence to the address below*

        Holly E. Dowd
        ***Weisberg & Meyers, LLC***
        5025 N. Central Ave. #602
        Phoenix, AZ 85012

6

Case 1:11-cv-00478-CCE-LPA   Document 1   Filed 06/17/11   Page 6 of 6